IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FO2GO LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ADOBE SYSTEMS INC.,<br><br>　　　　Defendant. | Civil Action No. 15-89-RGA |
| FO2GO LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MYSPACE LLC,<br><br>　　　　Defendant. | Civil Action No. 15-95-RGA |
| FO2GO LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PINTEREST, INC.,<br><br>　　　　Defendant. | Civil Action No. 15-97-RGA |
| FO2GO LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SMUGMUG, INC.,<br><br>　　　　Defendant. | Civil Action No. 15-99-RGA |
| FO2GO LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SNAPCHAT, INC.,<br><br>　　　　Defendant. | Civil Action No. 15-100-RGA |

FO2GO LLC,

    Plaintiff,

v.

TUMBLR, INC. and YAHOO! INC.,

    Defendants.

Civil Action No. 15-101-RGA

## MEMORANDUM OPINION

Stephen B. Brauerman, Esq., Vanessa R. Tiradentes, Esq., Sara E. Bussiere, Esq., Richard D. Kirk, Esq., Bayard, P.A., Wilmington, DE; David R. Bennett, Esq. (argued), Direction IP Law, Chicago, IL, attorneys for Plaintiff FO2GO, LLC.

Gregory P. Williams, Esq., Steven J. Fineman, Esq., Katharine C. Lester, Esq., Richards, Layton & Finger, P.A., Wilmington, DE; Michael A. Berta, Esq., Maulik G. Shah, Esq., Arnold & Porter LLP, San Francisco, CA, attorneys for Defendant Adobe Systems Inc.

Jack B. Blumenfeld, Esq., Stephen J. Kraftschik, Esq., Morris, Nichols, Arsht & Tunnell LLP, Wilmington, DE; Daralyn J. Durie, Esq., Ryan M. Kent, Esq. (argued), Durie Tangri LLP, San Francisco, CA, attorneys for Defendants Pinterest, Inc., Snapchat, Inc., Tumblr, Inc., and Yahoo! Inc.

Karen Jacobs, Esq., Eleanor G. Tennyson, Esq., Morris, Nichols, Arsht & Tunnell LLP, Wilmington, DE, attorneys for Defendants Myspace LLC and SmugMug, Inc.

Lauren Sliger, Esq., Roozbeh Gorgin, Esq., Lee, Tran & Liang LLP, Los Angeles, CA, attorneys for Defendant Myspace LLC.

Jerry R. Selinger, Esq., Patterson & Sheridan LLP, Dallas, TX, attorney for Defendant SmugMug, Inc.

February 24, 2016

*/s/ Richard G. Andrews*
**ANDREWS, U.S. DISTRICT JUDGE:**

Presently before the Court is the issue of claim construction of one term in U.S. Patent No. 7,173,651 (the "'651 patent"). The issue has been fully briefed. (D.I. 20, 26, 32).[1] The Court heard oral argument on January 5, 2016.

## I. BACKGROUND

On January 27, 2015, plaintiff FO2GO LLC filed fifteen related patent infringement lawsuits in this district, including these six actions. At the initial scheduling conference held on October 13, 2015, the Court permitted a limited early claim construction hearing to resolve the meaning of one term in the '651 patent. (D.I. 16).

## II. LEGAL STANDARD

"It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) (internal quotation marks omitted). "'[T]here is no magic formula or catechism for conducting claim construction.' Instead, the court is free to attach the appropriate weight to appropriate sources 'in light of the statutes and policies that inform patent law.'" *SoftView LLC v. Apple Inc.*, 2013 WL 4758195, at *1 (D. Del. Sept. 4, 2013) (quoting *Phillips*, 415 F.3d at 1324). When construing patent claims, a court considers the literal language of the claim, the patent specification, and the prosecution history. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 977-80 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996). Of these sources, "the specification is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term." *Phillips*, 415 F.3d at 1315 (internal quotation marks and citations omitted).

---

[1] Unless otherwise noted, citations to the docket are to Civil Action No. 15-89.

1

"[T]he words of a claim are generally given their ordinary and customary meaning. . . . [Which is] the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, i.e., as of the effective filing date of the patent application." *Id.* at 1312-13 (internal quotation marks and citations omitted). "[T]he ordinary meaning of a claim term is its meaning to [an] ordinary artisan after reading the entire patent." *Id.* at 1321 (internal quotation marks omitted). "In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words." *Id.* at 1314 (internal citations omitted).

When a court relies solely upon the intrinsic evidence—the patent claims, the specification, and the prosecution history—the court's construction is a determination of law. *See Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 841 (2015). The court may also make factual findings based upon consideration of extrinsic evidence, which "consists of all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises." *Phillips*, 415 F.3d at 1317-19 (internal quotation marks and citations omitted). Extrinsic evidence may assist the court in understanding the underlying technology, the meaning of terms to one skilled in the art, and how the invention works. *Id.* Extrinsic evidence, however, is less reliable and less useful in claim construction than the patent and its prosecution history. *Id.*

"A claim construction is persuasive, not because it follows a certain rule, but because it defines terms in the context of the whole patent." *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1250 (Fed. Cir. 1998). It follows that "a claim interpretation that would

2

exclude the inventor's device is rarely the correct interpretation." *Osram GmbH v. Int'l Trade Comm'n*, 505 F.3d 1351, 1358 (Fed. Cir. 2007) (internal quotation marks and citation omitted).

"When a claim uses the term 'means' to describe a limitation, a presumption inheres that the inventor used the term to invoke 112, ¶ 6." *Biomedino, LLC v. Waters Techs. Corp.*, 490 F.3d 946, 950 (Fed. Cir. 2007). "This presumption can be rebutted when the claim, in addition to the functional language, recites structure sufficient to perform the claimed function in its entirety." *Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363, 1375 (Fed. Cir. 2003). Means-plus-function claiming permits a patentee to express an element of a claim as a means for performing a specified function. 35 U.S.C. § 112, ¶ 6 (2006). "In exchange for using this form of claiming, the patent specification must disclose with sufficient particularity the corresponding structure for performing the claimed function and clearly link that structure to the function." *Triton Tech of Tex., LLC v. Nintendo of Am., Inc.*, 753 F.3d 1375, 1378 (Fed. Cir. 2014). "A patentee cannot avoid providing specificity as to structure simply because someone of ordinary skill in the art would be able to devise a means to perform the claimed function." *Blackboard, Inc. v. Desire2Learn Inc.*, 574 F.3d 1371, 1385 (Fed. Cir. 2009). The failure to disclose corresponding structure constitutes impermissible functional claiming and "renders the claim indefinite." *See Triton Tech*, 753 F.3d at 1378. "Indefiniteness, as a subset of claim construction, is a question of law." *In re Packard*, 751 F.3d 1307, 1311 (Fed. Cir. 2014).

## III. ANALYSIS

Claim 2 is representative[2] and reads:

Digital photo processing system comprising:

> at least one wireless digital camera apparatus, wherein each said apparatus includes a processor, a memory, and a destination address and one or more

---

[2] The claim language at issue is found in both claims 1 and 2. The parties agree that the claims do not materially differ with respect to the claim language at issue. (D.I. 20 at 8-10; D.I. 26 at 9-10).

3

> previously defined recipient codes stored in said memory; user interface connected to said processor for at least displaying one or more said recipient codes and receiving signals indicating user selection of a displayed recipient code; a digital camera connected to said processor for capturing one or more digital images in response to signals from said user interface; a RF communications device connected to said processor; and processor control means, responsive to signals received from said user interface, for transmitting a message, including at least said selected recipient code and one said digital image, to said destination address via said RF communications device; and
>
> a server associated with said destination address and responsive to messages received at said destination address from each said wireless digital camera apparatus; a database storing account configuration data including recipient code data; a server communication device; and *server control means for parsing said recipient code from each said message*, retrieving from said database account configuration data that is associated with said recipient code, and processing each said message according to said account configuration data

('651 patent a 16:7-34) (emphasis added).

The parties dispute one term: "server control means for parsing said recipient code from each said message."

    a.    *Plaintiff's proposed construction*: "server control means" is not a means-plus-function limitation because sufficient structure is provided within the claims

          *Plaintiff's alternative construction*: "server control means" is means-plus-function and the specification discloses sufficient corresponding structure such that the term is not indefinite

    b.    *Defendants' proposed construction*: "server control means for parsing" is a means-plus-function limitation without corresponding structure and is thus invalid for indefiniteness

    c.    *Court's construction*: "server control means for parsing" is a means-plus-function limitation without corresponding structure and is thus invalid for indefiniteness

There are two questions before the Court: (1) whether the claim term is means-plus-function, and (2) if so, whether the specification discloses sufficient structure. In addressing the first question, since the term undoubtedly contains the word "means," the key issue is whether the claim itself recites sufficient structure to rebut the means-plus-function presumption. In arguing that the presumption is rebutted, Plaintiff relies on cases relating to the converse

4

presumption: that the absence of the word "means" gives rise to a rebuttable presumption that the claim is not means-plus-function. *See Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1348-49 (Fed. Cir. 2015) (en banc in relevant part). Plaintiff's reliance is misplaced. In *Williamson*, the Federal Circuit overruled earlier panel holdings that the absence of the word "means" gives rise to a "strong" presumption against means-plus-function. *Id.* at 1349. The court explicitly held that the "converse presumption," the one at issue here, "remains unaffected," and that the "use of the word 'means' creates a presumption that § 112, ¶ 6 applies." *Id.* (internal quotation marks omitted).

Here, Plaintiff argues that "the 'parsing' phrase provides sufficient instructions to perform the required function, particularly in view of the disclosed contents of the message in the claim," and therefore, the means-plus-function presumption is rebutted. (D.I. 26 at 21). Plaintiff identifies as structure the very word which identifies the function: "parsing." There is no structure within the claim itself, however, that explains how to perform this parsing function. In order to rebut the means-plus-function presumption, "the claim, *in addition to the functional language*, [must] recite[] structure sufficient to perform the claimed function in its entirety." *Altiris*, 318 F.3d at 1375 (emphasis added). That is missing here.

The claims at issue here are thus distinguishable from those in a case like *Kimberly-Clark*, where the presumption was successfully rebutted. *Cole v. Kimberly-Clark Corp.*, 102 F.3d 524, 531 (Fed. Cir. 1996). There, the Federal Circuit found that "perforation means" was not means-plus-function because the function was "tearing" and "perforation" was the structure. *Id.* That is, in *Kimberly-Clark*, the means of achieving the function, as well as the function itself, were recited in the claims. *Id.* Further, the location and extent of the perforation was described within the claims. *Id.* Here, since the claims at issue do not recite sufficient structure to

5

overcome the presumption, the Court concludes that the disputed claim term is means-plus-function.

The second question is whether the specification provides sufficient structure, such that the claim is not indefinite. To satisfy this requirement, the patent must "recite some structure corresponding to the means in the specification . . . so that one can readily ascertain what the claim means." *Typhoon Touch Techs., Inc. v. Dell, Inc.*, 659 F.3d 1376, 1384 (Fed. Cir. 2011) (quoting *Atmel Corp. v. Info. Storage Devices*, 198 F.3d 1374, 1382 (Fed. Cir. 1999)). "[I]n a means-plus-function claim in which the disclosed structure is a computer, or microprocessor, programmed to carry out an algorithm, the disclosed structure is not the general purpose computer, but rather the special purpose computer programmed to perform the disclosed algorithm." *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1367 (Fed. Cir. 2008) (internal quotation marks omitted). An algorithm is a "step-by-step procedure for accomplishing a given result." *Typhoon Touch*, 659 F.3d at 1384-85 (internal quotation marks omitted). "A patentee [may] express . . . a procedural algorithm 'in any understandable terms including as a mathematical formula, in prose, or as a flow chart, or in any other manner that provides sufficient structure.'" *Id.* at 1385 (quoting *Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1340 (Fed. Cir. 2008)). "Failure to disclose the corresponding algorithm for a computer-implemented means-plus-function term renders the claim indefinite." *Triton Tech*, 753 F.3d at 1378.

The patent makes clear, and the parties agree, that the claimed function is implemented by a general purpose computer. (D.I. 20 at 8-9; D.I. 26 at 12-14, 16); '651 patent at 6:59-61. Therefore, the specification must "disclose the algorithm that the computer performs to

6

accomplish [the claimed] function." *Triton Tech*, 753 F.3d at 1378. Here, the specification contains one disclosure which explicitly references the parsing function:

> At block 544 the server receives a message, parses out information such as account number, image, audio data, date, time, classification, location, and recipient code which is included in the message, saves this in a server memory for future access and in a holding area designated for this account, and if a path is associated with the recipient code saves the message at that location.

'651 patent at 13:38-44. This statement describes the information which may be parsed out, but does not describe at all how the parsing function is performed. It therefore cannot be an algorithm. The referenced block 544 of Figure 20 similarly fails to provide an algorithm, as it merely recites the functional steps of receiving and saving the message. *See Blackboard*, 574 F.3d at 1383 ("The 'access control manager' is simply an abstraction that describes the function[,] . . . . [b]ut how it does so is left undisclosed."). This disclosure is thus "nothing more than a restatement of the function, as recited in the claim." *Finisar*, 523 F.3d at 1340. That is insufficient.

Plaintiff also argues that the specification provides a "blueprint of the message format and structure" from which a person having ordinary skill in the art would have been able to "implement a program to parse the recipient code from the message." (D.I. 26 at 7-8, 12-14, 23-25). Specifically, Plaintiff references a flow chart disclosing "how to construct a message," "embodiments [which] provide examples of what can be included within the message and explain that the parts of the message are separated with appropriate delimiters to indicate field message boundaries," a disclosure "that the server has tables of recipient codes before receiving the message," and "a diagram of the message containing the recipient and image." (*Id.* at 23-25); *see also* '651 patent at 6:5-6, 6:11-13, 7:23-35, 11:43-12:5, figs.3, 16, 19. None of these disclosures are an algorithm. They are merely clues as to how an ordinary-skilled artisan might

7

craft an algorithm. That is not sufficient. *See Triton Tech*, 753 F.3d at 1378-79; *Blackboard*, 574 F.3d at 1385; *Aristocrat Techs. Austl. Pty Ltd. v. Int'l Game Tech.*, 521 F.3d 1328, 1337 (Fed. Cir. 2008) ("It is not enough for the patentee simply to state or later argue that persons of ordinary skill in the art would know what structures to use to accomplish the claimed function."); *Default Proof Credit Card Sys., Inc. v. Home Depot U.S.A., Inc.*, 412 F.3d 1291, 1299 (Fed. Cir. 2005) ("[S]tructure disclosed in the specification must be clearly linked to and capable of performing the function claimed."). This is akin to claiming a "cutting means" without specifying that the means for cutting may be scissors, box cutters, or a knife. "The patentee has in effect claimed everything . . . under the sun" that performs the claimed function. *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 519 (Fed. Cir. 2012).

Plaintiff argues that parsing is a simple function. This may indeed be true, but there is no simple function exception for the requirements of 35 U.S.C. § 112, ¶ 6. Means-plus-function claiming "incorporates a deliberate quid pro quo: the patentee is allowed to claim a limitation in broad functional language, provided that the specification indicates what structure constitutes the means for performing the claimed function." *Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1328-29 (Fed. Cir. 2012) (internal quotation marks omitted). Here, the specification is devoid of any "algorithm—i.e., a step-by-step procedure—for performing the claimed function." *Triton Tech*, 753 F.3d at 1379. Without such structure, "the claim limitation is indefinite [as it] fails to 'particularly point[] out and distinctly claim[]' the invention, because there is insufficient definition of something that . . . is incorporated into the claim." *Ibormeith IP, LLC v. Mercedes-Benz USA, LLC*, 732 F.3d 1376, 1378 (Fed. Cir. 2013) (second and third alterations in original) (quoting 35 U.S.C. § 112, ¶ 2 (2006)). This is purely functional claiming. Therefore, I find that the term is indefinite.

8

Since the parsing limitation is indefinite, claims 1 and 2 are indefinite. *See, e.g., Net MoneyIN*, 545 F.3d at 1367. Dependent claims 3-5 are also indefinite, as they incorporate the same defective limitation found in independent claim 2. *See Ibormeith*, 732 F.3d at 1378.

## IV. CONCLUSION

Within five days the parties shall submit a proposed order consistent with this Memorandum Opinion.